538

**RUDOLPH, Plaintiff-Appellant, v. E. W. Scripps Company, d. b. a. THE COLUMBUS CITIZEN, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6060.   Decided October 13, 1959.

Buchanan, Peltier & Fuller, Gordon J. Peltier, of Counsel, Columbus, for plaintiff-appellant.

Gingher & Christensen, Paul R. Gingher, of Counsel, Columbus, for defendant-appellee.

(GRIFFITH, J, of the Seventh District, sitting by designation in the Tenth District.)

**OPINION**

By DUFFY, J.

The plaintiff-appellant has appealed from a· judgment of dismissal of his action following the sustaining of a demurrer to his second amended petition.   In the petition the plaintiff alleged that the de-

fendant, a daily newspaper, published an article entitled "House Condemned; 14 Homeless" and in the article stated that he was the owner of the property so condemned and located at 43 South Douglas Street, Columbus, Ohio.

Plaintiff was one of the owners of the property, but says that the words "House Condemned; 14 Homeless" were false, malicious and untrue and that the defendant newspaper knew such words were false, malicious and untrue, and that such words were published of and concerning property of the plaintiff with intent to expose plaintiff to ridicule, contempt, shame and disgrace.

In the petition plaintiff further stated that he was a painter and that he repaired homes and buildings, and that because of the publication his employment on a specific job was terminated, resulting in a loss of two-hundred dollars in wages from that job. He further stated that for a period of six months thereafter he was unable to get further employment as a painter or repairman because of the published article.

The defendant filed a demurrer to the petition which was sustained for the reason that the petition failed to state facts sufficient to constitute a cause of action. The trial court was of the opinion that there was no showing that there was any damage to the property by reason of the publication, and no facts pleaded to support the conclusion that such publication subjected plaintiff to ridicule, contempt, shame and disgrace.

Plaintiff-appellant states that the trial court erred in sustaining the demurrer to his second amended petition, claiming that by reason of the publication his reputation as a painter and repairman was injured and damaged and, because of the false statement which they published, he lost employment and suffered pecuniary loss. Plaintiff admits that he was one of the owners of the property but states that this property was not condemned by anyone at any time, and that under the Ohio laws of libel and slander, he may recover for the loss of his employment as a result of the defamation by the defendant since he alleges special damages in his petition.

He further states that he is entitled to punitive damages because of the allegation of an intentional unlawful design by the defendant to injure him without just cause.

It seems clear that under the Ohio law the question whether the publication is or is not libelous per se is a question for the court, but a publication is not libelous per se unless it appears that the publication reflects upon the character of such person by bringing him into ridicule, hatred or contempt, or affects him injuriously in his trade or profession. Malice is inferred upon proof of the publication of defamatory matter, if it constitutes a libel per se, but where the publication is as a matter of law not libelous per se, malice is not presumed and there can be no recovery in the absence of proof of special damages. See **The Cleveland Leader Printing Company v. Nethersole, 84 Oh St 118**, and 95 N. E., 735; **Mauk v. Brundage, 68 Oh St 89; Bigelow v. Brumley, 138 Oh St 574**; and **Westropp v. Scripps Company, 148 Oh St 365.** There can be little doubt that the false statement alleged to have been published in this case

is not of such character as to constitute a libel pre se. It is clear from the petition that the alleged false statement concerned property of the plaintiff, although it was alleged that it was made with intent to expose plaintiff to ridicule, contempt, shame and disgrace.

In The Cleveland Leader Printing Company v. Nethersole, supra, page 130, it was stated:

"* * * Although the distinction between a libel upon a person and a libel upon that which is the property of a person, is somewhat nice, and although in many cases the distinction is not easy to demonstrate, it often being difficult to apply the settled rules of law to the particular facts of the case, and although the decisions illustrating the subject are not altogether consistent, one with another, yet the rule seems to be well established to the effect that while by the law of libel defamatory language is actionable without special damage when it contains a damaging inputation against one as an individual, or in respect to his office, profession or trade, it is not actionable when it is merely in disparagement of one's property unless it occasions special damage."

It is the newspaper's contention that since the amended petition did not allege any loss from his property as such, the petition failed to allege special damages and the cause of action must fail, because there are no allegations which would in any way reflect upon his personal reputation or his reputation as a painter or repairman.

In the case of Bigelow v. Brumley, supra, it was held that:

"3. Where words, alleged to be defamatory, as ordinarily understood have no reasonable tendency to defame, and no extrinsic facts or circumstances are alleged which would give them a special or covert meaning, an innuendo cannot enlarge their meaning to make them defamatory."

In that case a minister was the author of certain proposed amendments to the Constitution of Ohio, and the alleged defamatory remarks were spoken of him not as a minister but as author of the Constitutional Amendments, but the damage alleged was to his reputation and standing as a minister, and because of a failure to prove special damages his action failed. The damages alleged by the minister, Reverend Bigelow, consisted of expenditures by him for legal counsel, radio time, stenographic assistance, telegrams, etc. to refute and deny the alleged defamatory statement.

In the opinion of Restatement of Torts, Volume III, page 185, Section 575, Comment (b) were quoted to show that the special damage "must result from conduct of a person other than the defamer or the one defamed."

Here the words were spoken of the defendant's property and would normally only reflect upon him as a landlord, but he alleges that by reason of the false statement he suffered special damages which consisted of loss of income from his trades as a painter and repairman. There is no allegation whatsoever of any loss of rent or revenue in the management of the property.

The court in Bigelow v. Brumley, supra, seems to imply that if there had been proof of special damages to Bigelow's reputation as a

minister he could have recovered, but this point was not decided in the case; and in the case of Lohr v. Buffington, 18 C. C. (N. S.), 583, at page 584, it was stated "* * * to make the words actionable because of their effect upon one's business or office, they must be said with reference to something connected with such business or office." There are many reasons why a house could be condemned without reflecting upon the owner's reputation and such words in themselves do not adversely affect the plaintiff in his occupation.

The judgment of the Court of Common Pleas will be affirmed.

BRYANT, PJ, GRIFFITH, J, concur.